IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS ESPINO,

    Plaintiffs,

vs.

LIBERTY MUTUAL INSURANCE CO., et al.,

    Defendants.

_____/

No. CIV S-06-1523 DFL KJM PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

    Defendant Liberty Mutual's motion to dismiss came on for hearing on November 15, 2006. Plaintiff appeared pro se; Christina Lavanier appeared for defendant. Upon review of the documents in support and opposition, the arguments made by the parties, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

    In this action, plaintiff is suing his employer's insurer, the State of California and other persons associated with his workers' compensation case for claims arising out of that case, which is still pending. Defendant moves to dismiss on various grounds, including that this court lacks subject matter jurisdiction under Rooker-Feldman because plaintiff already brought the same action in state court and a demurrer was sustained in that action. The application of Rooker-Feldman is dispositive.

/////

1   A federal district court does not have jurisdiction to review errors in state court decisions in civil cases. <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415 (1923). If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them. <u>Feldman</u>, 460 U.S. 483-84. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 25 (1987). Claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the <u>Rooker-Feldman</u> doctrine. <u>Feldman</u>, 460 U.S. 483-84 & n.16.

The basis in the state court for the demurrer was, in part, that plaintiff's claims were within the exclusive jurisdiction of the Workers Compensation Appeals Board. Defendant in the state court action also demurred on the ground no cause of action had been stated against it. The demurrer was sustained without leave to amend. If plaintiff is allowed to proceed forward in this action, any federal court determination would undercut the state court's ruling. As such, this action is barred under <u>Rooker-Feldman</u>.

In opposing the motion to dismiss, plaintiff requests leave to amend but sets forth no facts that could overcome the <u>Rooker-Feldman</u> bar. Leave to amend therefore would be futile and will be denied.

Defendant also moves to strike any fact allegations asserted in the opposition. Because leave to amend would be futile, defendant's motion will be denied as unnecessary. Finally, because this court lacks subject matter jurisdiction under <u>Rooker-Feldman</u>, there is no basis upon which the court can grant plaintiff's request for appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to amend is denied;

2. Plaintiff's request for appointment of counsel is denied;

3. Defendant's motion to strike is denied; and

1       IT IS HEREBY RECOMMENDED that the motion to dismiss be granted and this
2 action be dismissed.
3       These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 28, 2006.

_____
U.S. MAGISTRATE JUDGE

006
espino.57